O

# United States District Court
# Central District of California

| | |
|---|---|
| CHRISTOPHER WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF LONG BEACH, SERGEANT RAY ALEXANDER, individually and as a peace officer, OFFICER DEDIER REYES, individually and as a peace officer, OFFICER BRYANT YURIAR, individually and as a peace officer, SERGEANT DEREK ERNEST, individually and as a peace officer, and DOES 1-10,<br><br>    Defendants. | Case № 2:19-cv-05929-ODW (AFMx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO BIFURCATE PLAINTIFF'S *MONELL* CLAIMS AGAINST THE CITY OF LONG BEACH AND TO STAY *MONELL*-RELATED DISCOVERY [37]** |

## I.   INTRODUCTION

Pending before the Court is Defendants' Motion to Bifurcate Plaintiff's *Monell* Claims Against the City of Long Beach and to Stay *Monell*-Related Discovery ("Motion"). (Mot. to Bifurcate ("MTB"), ECF No. 37.) For the reasons discussed below, the Court **GRANTS** Defendants' Motion.[1]

---

[1] After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

This case arises from an incident that allegedly took place in the early-morning hours of March 24, 2018. (First Am. Compl. ("FAC") ¶ 7, ECF No. 29.) Plaintiff alleges that he was watching and recording a street fight when Defendant Officer Dedier Reyes unlawfully used force to detain Plaintiff in such a manner that injured Plaintiff's right elbow. (FAC ¶ 7.) Plaintiff also alleges that he was wrongfully held and denied medical attention, and that Reyes conspired with Defendants Officer Bryant Yuriar and Sergeant Derek Ernest to cover up Reyes's unlawful use of force. (FAC ¶ 7.) Further, Plaintiff alleges that Defendant Sergeant Ray Alexander, as the supervising officer in charge, failed to timely direct Plaintiff's release despite knowing that Plaintiff was mistakenly detained. (FAC ¶ 7.)

Both of Plaintiff's causes of action arise under 42 U.S.C. § 1983. Plaintiff's first cause of action alleges a violation of his Fourth and Fourteenth Amendment rights by the individual police officer Defendants (collectively, the "Officers"). (FAC ¶¶ 8–17.) Plaintiff's second cause of action against Defendant City of Long Beach (the "City") is based on municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). (FAC ¶¶ 18–23.) Defendants now move to bifurcate Plaintiff's *Monell* claim[2] and to stay *Monell*-related discovery. (*See generally* MTB.)

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 42(b) permits the Court to order a separate trial of separate claims or issues "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). The Court might bifurcate a trial to "avoid[] a difficult question by first dealing with an easier, dispositive issue." *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001). The court has broad, discretionary authority to order bifurcation. *Hirst v. Gertzen*, 676 F.2d 1252, 1261 (9th Cir. 1982).

---

[2] Defendants also request bifurcation of the issues of punitive damages and liability as to Plaintiff's first cause of action, to the extent that Plaintiff's punitive damages claim against the Officers Defendants relies on the same evidence of prior misconduct as his *Monell* claim. (MTB 11–12.)

The moving party has the burden to prove that bifurcation is appropriate. *Clark v. I.R.S.*, 772 F. Supp. 2d 1265, 1269 (D. Haw. 2009).

A municipality may be liable for causing a cognizable injury under 42 U.S.C. § 1983 if the injury is a result of a custom or policy of the municipality. *See Monell*, 436 U.S. at 690–91. When such *Monell* claims are asserted in conjunction with claims against individual defendants, courts often bifurcate them in the interests of "convenience and judicial economy" and "the avoidance of potential prejudice [to the individual defendants] and confusion." *See, e.g.*, *Quintanilla v. City of Downey*, 84 F.3d 353, 356 (9th Cir. 1996); *see generally Estate of Diaz v. City of Anaheim*, 840 F.3d 592, 603 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 2098 (2017) (reversing and remanding for new trial finding abuse of discretion in failing to bifurcate liability from damages). Indeed, no case "authorizes the award of damages against a municipal corporation based on the actions of one of its officers when in fact the jury has concluded that the officer inflicted no constitutional harm." *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (per curiam). Rather, "[i]f a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have *authorized* the use of constitutionally excessive force is quite beside the point." *Id.*

## IV. DISCUSSION

Here, Defendants request that Plaintiff's *Monell* claim and the issue of punitive damages be decided in a second phase of trial, as well as a stay in discovery of any matters relevant exclusively to Plaintiff's *Monell* claim. (*See generally* MTB.) The Court addresses these requests in turn.

### A. Defendants' Request to Bifurcate

In support of its motion to bifurcate, Defendants assert that (1) bifurcation will avoid juror confusion and undue prejudice to the Officers; (2) bifurcation will promote convenience and economy; and (3) the claims to be bifurcated involve separable issues. The Court agrees.

          *1.     Bifurcation Would Reduce the Potential for Juror Confusion and Prejudice to the Officers*

Defendants express concern that "Plaintiff will likely attempt to prove his *Monell* claim by introducing evidence concerning alleged misconduct of the officer defendants and other non-party officers that stem from prior unrelated incidents." (MTB 4.) Thus, Defendants argue, "[t]he simultaneous presentation of this *Monell* evidence and evidence related to Plaintiff's individual claims will unfairly prejudice the officer defendants by tainting them with unrelated claims of alleged wrongdoing that have nothing to do with their conduct during this incident." (MTB 4.)

Plaintiff seemingly acknowledges that evidence of prior wrongful acts is not generally admissible for proving that Defendants acted in the same wrongful manner in this instance. (*See* Opp'n 3.) Nonetheless, Plaintiff argues that evidence of prior acts is still admissible for proving that the Officers acted with a particular intent, plan, or motive, as well as for impeachment purposes, and that Plaintiff intends to introduce such evidence accordingly. (Opp'n 2–4, 22.) Plaintiff contends, "Since the jury is allowed to hear the prior complainants and victims of brutality perpetrated by these Defendants, introduced by Plaintiff to attack these Defendants' credibility, there can be no jury confusion or undue prejudice to Defendants." (Opp'n 25.) Plaintiff is mistaken.

To be sure, Federal Rule of Evidence 404(b)(2) permits the introduction of evidence of prior wrongful acts to establish, among other things, that Defendants acted with a particular intent, plan, or motive. *See* Fed. R. Evid. 404(b)(2). However, Federal Rule of Evidence 404(b)(1) also explicitly states that such evidence "is *not* admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1) (emphasis added). Similarly, although the Court may, on cross-examination, allow specific instances of a witness's conduct to be inquired into if they are probative of a witness's character for truthfulness, *see* Federal Rules of Evidence 404(a)(3) and 608(b),

"[e]vidence of a person's character or character trait is *not* admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1) (emphasis added).

With these Rules in mind, Plaintiff intends to navigate the fine line between impermissible propensity evidence and permissible evidence for proving intent or character for untruthfulness, as to his first claim against the Officers. (*See* Opp'n 2–4, 22.) As to his *Monell* claim, however, Plaintiff intends to rely on that same body of evidence of prior specific acts to establish his case-in-chief. (*See* Opp'n 3, 24–25.) The Court is unconvinced that such simultaneous presentation of the evidence would not pose any risk of unfairly prejudicing the officers. Indeed, the evidence Plaintiff intends to present in support of his *Monell* claim—which admittedly includes specific instances of the Officers' prior wrongful acts—may very well unfairly prejudice the Officers as to Plaintiff's first cause of action relating to the specific incident allegedly involving Plaintiff, at least in part due to the jury's likely confusion.

Plaintiff's argument that evidence of prior acts may be admissible for limited purposes does not change the outcome. Whether any particular piece of evidence is admissible at trial is not presently at issue. Rather, the question is whether Defendants have shown that bifurcation would tend to avoid a risk of prejudice to the Officers. And as to that question, the Court finds that Defendants have indeed shown the existence of such a risk. Moreover, the Court finds that bifurcation would avoid it.

2. *Bifurcation Will Promote Convenience and Economy*

Next, Defendants argue that bifurcation will promote convenience and economy because "[i]f the officer defendants are found not to have violated Plaintiff's constitutional rights, Plaintiff will be precluded from pursuing his *Monell* claims against the City." (MTB 7 (citing *Heller*, 475 U.S. at 799 and *Wilson v. Morgan*, 477 F.3d 326, 340 (6th Cir. 2007)). For his part, Plaintiff argues that no matter what happens with respect to his first claim, his *Monell* claim will not be precluded because exoneration of the Officers would not preclude a *Monell* claim based on the City's

failure to adequately train the Officers, or any other collective, constitutional failure attributable to the City. (*See* Opp'n 9–11 (citing, e.g., *City of Canton v. Harris*, 489 U.S. 378 (1989) and *Fairley v. Luman*, 281 F.3d 913, 916–17 (9th Cir. 2002)).) Furthermore, Plaintiff argues that the Ninth Circuit's decision in *Heller*, upon which Defendants rely, is not applicable to the case at hand. (Opp'n 9; *see also* MTB 7.)

Neither side is fully correct. "In *Heller*, the Supreme Court held a jury's determination that an individual officer did not use constitutionally excessive force precluded § 1983 municipal liability *on that ground*." *Fairley*, 281 F.3d at 916 (emphasis added) (citing *Heller*, 475 U.S. at 799). Thus, *Heller* does control as to claims arising from a constitutional violation by one of the Officers, such as Plaintiff's excessive force claim. *See id.* To be sure, however, Plaintiff is also correct that *Heller* "ha[s] no bearing on . . . Fourth and Fourteenth Amendment claims against the City for . . . alleged constitutional deprivations [that] were not suffered as a result of actions of the individual officers, but as a result of the collective inaction of the [municipality]." *Fairley*, 281 F.3d at 916–17.

The trouble with Plaintiff's argument is that he has alleged *both* types of liability—liability based on the Officers' allegedly unconstitutional acts as well as liability based on the collective inaction of the City—against *all* Defendants. Thus, even if the Officers are found to have committed no constitutional violation and Plaintiff proceeded on his *Monell* claims only as to the municipality's direct liability, the segment of *Monell* claims that stem from the unconstitutionality of acts allegedly committed by the Officers would be precluded, even under the cases cited by Plaintiff. *See, e.g.*, *Fairley*, 281 F.3d at 916. Plaintiff's contention that bifurcation could not result in *any* conservation of judicial resources is a bridge too far.

Indeed, because Plaintiff's *Monell* claim is based on the City's acts as well as the acts of the Officers, there exists a possibility of convenience and economy if Plaintiff's claims are bifurcated because exoneration of the Officers as to Plaintiff's first claim would necessarily obviate the need to hear at least a portion of Plaintiff's

*Monell* claim. *See, e.g.*, *Fairley*, 281 F.3d at 916; *see also Heller*, 475 U.S. at 799. Accordingly, the Court finds that the interests of convenience and economy also support bifurcation here.

### 3. Plaintiff's Claims Are Separable

Defendants also argue that bifurcation is appropriate because Plaintiff's claims involve separate issues. (MTB 9–11.) The thrust of Defendants' argument is that Plaintiff's first cause of action against the Officers involves only the alleged incident involving Plaintiff, and that Plaintiff's second cause of action against the City under *Monell* will require proving a "well-established custom or practice of the City, which cannot be proven with a single occurrence." (MTB 9–11.) In response, Plaintiff argues that he intends to use the same body of evidence to establish both of his claims, and that bifurcation is therefore inappropriate. (Opp'n 3.)

The Court is not persuaded that Plaintiff's claims are inseparable due to necessarily overlapping evidence. To the contrary, "[c]ourts in this [d]istrict . . . routinely bifurcate trials in [a] manner" that defers the issues of punitive damages and *Monell* liability for a second phase of trial. *See Bedetti v. City of Long Beach*, No. CV 14-9102-DMG (JCx), 2017 WL 5495146, at *1 (C.D. Cal. Apr. 12, 2017); *see also, e.g.*, *Green v. Cty. of Los Angeles*, No. 2:12-cv-06007-CAS (CWx), 2014 WL 174988, at *1 (C.D. Cal. Jan. 16, 2014); *Deats v. Cty. of Orange*, No. CV 09-6322 PSG (PJWx), 2010 WL 11549563, at *1 (C.D. Cal. Nov. 24, 2010) ("To prevent prejudice to any of the defendants in this case, and to promote judicial economy, the Court bifurcates Plaintiff's *Monell* claims from the other claims in the lawsuit."). Indeed, this Court's precedent indicates that bifurcating is not only possible, but also routine.

For the reasons detailed above, including to prevent prejudice to the Officers with respect to Plaintiff's first claim and to promote judicial economy, the Court concludes that bifurcation is appropriate here. Accordingly, the Court **GRANTS** Defendants' motion to bifurcate this case into two phases—the first to determine the

Officers' liability as to Plaintiff's first claim, and the second to determine whether the City is liable under *Monell* and the measure of any punitive damages against the Officers with respect to Plaintiff's first claim.

**B.      Defendants' Request to Stay *Monell*-Related Discovery**

As to whether *Monell*-related discovery should be stayed, Defendants argue that "[t]he same reasons that support bifurcation also provide good cause for a stay of discovery with respect to the claims against the City until Plaintiff's claims against the individual officers are adjudicated." (MTB 12.) Plaintiff protests, arguing that "[b]ecause bifurcation at this time is not appropriate, stay of the *Monell* discovery and separating discovery in phases would unnecessarily prolong the process and waste judicial resources in overseeing two phases of discovery." (Opp'n 25.)

The Court concludes that a partial stay of discovery is appropriate here for the same reasons that bifurcation is appropriate. In particular, staying *Monell*-related discovery will promote "[o]ne of the purposes of Rule 42(b)[, which] is to permit deferral of costly and possibly unnecessary discovery proceedings pending resolution of potentially dispositive preliminary issues." *Ellingson Timber Co. v. Great N. Ry. Co.*, 424 F.2d 497, 499 (9th Cir. 1970). Further, as Defendants point out, courts that bifurcate *Monell* claims from those against individual officers often stay *Monell*-related discovery at the same time. *See, e.g.*, *Reyna v. Cty. of Los Angeles*, No. CV 19-2629 PA (MAAx), 2019 WL 6357251 (C.D. Cal. Sept. 23, 2019); *N.P. v. Torrance Unified Sch. Dist.*, No. CV 08-6003 PA (PJWx), 2009 WL 10700183 (C.D. Cal. Nov. 19, 2009).

Accordingly, the Court also **GRANTS** Defendants' request to stay *Monell*-related discovery until after the liability or non-liability of the Officers is determined.

///

///

///

## V. CONCLUSION

In summary, the Court **GRANTS** Defendants' Motion to Bifurcate Plaintiff's *Monell* Claims Against the City of Long Beach and to Stay *Monell*-Related Discovery as detailed above. (ECF No. 37.)

**IT IS SO ORDERED.**

July 31, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**