O

# United States District Court
# Central District of California

CHRISTOPHER WILLIAMS,

        Plaintiff,

    v.

CITY OF LONG BEACH, SERGEANT RAY ALEXANDER, individually and as a peace officer, OFFICER DEDIER REYES, individually and as a peace officer, OFFICER BRYANT YURIAR, individually and as a peace officer, SERGEANT DEREK ERNEST, individually and as a peace officer, and DOES 1-10,

        Defendants.

Case № 2:19-cv-05929-ODW (AFMx)

**ORDER CONTINUING TRIAL TO FEBRUARY 1, 2022; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR DISCOVERY SANCTIONS [173], DENYING APPLICATIONS TO SEAL [182] [194], AND GRANTING PLAINTIFF'S REQUEST TO APPOINT EXPERT [181]; ORDER ON MOTIONS IN LIMINE [133] [135] [136] [137] [141] [142] [143] [144] [145] [146]; ORDER DENYING DEFENDANTS' EX PARTE APPLICATION [186]**

    Plaintiff Christopher Williams filed this § 1983 action against Defendants Sergeant Ray Alexander, Sergeant Derek Ernest, Officer Bryant Yuriar, and Officer Dedier Reyes, along with Defendant City of Long Beach.  On December 27, 2021, the Court issued a Tentative Order granting in part and denying in part Plaintiff's Motion

for Discovery Sanctions, (Tentative Order, ECF No. 180), and on January 4, 2022, the Court held a hearing to address Plaintiff's Motion along with the Motions in Limine and other pending matters.   With this Order, the Court addresses the ten pending Motions in Limine as well as all other matters currently awaiting a determination.

**A.     Trial Date**

On January 3, 2022, the Central District announced a temporary suspension of all jury trials for a period of three weeks, effective immediately.[1]   In light of this announcement, the evolving situation regarding COVID-19, and the press and priority of certain criminal jury trials pursuant to the Speedy Trial Act, 18 U.S.C. § 1361, the Court hereby **CONTINUES** <u>trial</u> of this matter to **<u>February 1, 2022 at 9:00 a.m.</u>**   As indicated at the hearing, the parties are permitted to notify their subpoenaed witnesses in writing of this change, without the need to formally re-serve them.

**B.     Motion for Discovery Sanctions**

The Court confirms its Tentative Order granting in part Plaintiff's Motion for Discovery Sanctions, with one adjustment to the Court's reasoning.  (Tentative Order; Mot. Disc. Sanctions, ECF No. 173.)   Upon further review of the motion and opposition papers, the Court observes that, although Officer Reyes's counsel does not appear on the caption page of the Opposition to Plaintiff's Motion, Officer Reyes did indeed join in with the other Defendants in opposing Plaintiff's Motion.  *See* C.D. Cal. L.R. 11-3.8; (Opp'n Disc. Sanctions 9, ECF No. 178).   Therefore, Officer Reyes's purported failure to oppose is not a proper basis for granting discovery sanctions. Even so, the key reasoning and resulting imposition of discovery sanctions both remain unchanged.  Although Officer Reyes joined in the Opposition, Officer Reyes nevertheless failed to file a personal declaration or otherwise directly rebut any of the assertions Plaintiff made in his Motion about the discovery requests that were propounded on Officer Reyes and his particular failures to adequately respond to those requests.  Accordingly, discovery sanctions remain appropriate.  The Court **GRANTS**

---

[1] http://www.cacd.uscourts.gov/news/temporary-suspension-jury-trials

Plaintiff's Motion for Discovery Sanctions **IN PART** and confirms that the jury will be given an adverse inference instruction relating to Defendants' discovery failures. (ECF No. 173.)  Plaintiff's request for further discovery sanctions is **DENIED**.

**C.    Applications to Seal**

Next, the Court **DENIES** both Applications to Seal.  (ECF Nos. 182, 194.) First, as to Plaintiff's Application to Seal, (ECF No. 182), Defendants did not file a brief in support of sealing in accordance with Central District Local Rule 79-5.2.2(b)(i).  This alone justifies denial of Plaintiff's Application to seal.

As to the substance of both seal applications, the information in the at-issue documents is material to the outcome of this trial in at least two senses.  First, the fact that Defendants failed to disclose these documents or the information therein during discovery entitles Plaintiff to a significant adverse inference jury instruction.  Second, much of this information speaks to Officer Reyes's knowledge of the investigation at the time Williams's rights were allegedly violated, which in turn speaks to the motive, intent, or plan of the four accused Individual Defendants.  Thus, a narrowly tailored seal and compelling reasons for sealing are required, and here, Defendants have met neither requirement.  *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).  This is a case against a public entity that involves the public service of law enforcement, and the public's interest in having access to these materials is very substantial.

As for Plaintiff's Application to Seal Exhibits M and P, Defendants may file, within <u>four (4) Court days</u>, an amended brief in support of sealing Exhibits M and P that either proposes more narrow redactions or makes a better showing of good cause or both.[2]  If Defendants fail to file such a brief, Plaintiff shall file unsealed versions of Exhibits M and P within <u>three (3) days</u> of the date Defendants' brief would have been due.

---

[2] Although Defendants did not file a timely brief in support of sealing Exhibits M and P, the effect of this Order is to give Defendants another opportunity to do so in accordance with Central District Local Rule 79-5.2.2(b)(i).

As for Defendants' Application to Seal Exhibit C, Defendants may, within <u>four (4) Court days</u>, take one of the following two actions: (1) file a new Application to Seal that either proposes more narrow redactions or makes a better showing of good cause or both, or (2) file an unredacted, unsealed version of Exhibit C.  Defendants' failure to take either of these actions will result in the Court striking the Sur-Reply to which Exhibit C was attached.

**D.     Designation of Reynoso as Police Practices Expert**

Pursuant to Plaintiff's request, the Court **GRANTS** Plaintiff's request and allows Plaintiff to present Reynoso as a police practices expert to testify about certain aspects of the investigation of Officer Reyes, Defendants' discovery failures, and related issues.  This determination is without prejudice to any objection Defendants may make to Reynoso's testimony at trial.

**E.     Motions in Limine**

The Court's rulings on the Motions in Limine are as follows.

D1 (ECF No. 142): As to non-*Monell* phase of trial, **GRANTED IN PART and DENIED IN PART**.  Evidence of and reference to prior bad acts of the Individual Defendants is excluded, <u>except</u> Plaintiff may (1) introduce evidence regarding what Officer Reyes knew <u>at the time he allegedly violated Plaintiff's civil rights</u> about the investigation pending against him, for the purpose of establishing the Individual Defendants' motive, intent, or plan[3], and (2) inquire on cross-examination

---

[3] It may have been unclear after the hearing whether the Court decided to allow new, outside evidence of Officer Reyes's perjury investigation, as opposed to more narrowly allowing Plaintiff to inquire about the Reyes investigation.  The Court's final ruling is that evidence of the extent of Officer Reyes's knowledge—as that knowledge existed at the time he allegedly injured Plaintiff—of the investigation pending against him <u>is</u> admissible for the narrow purpose of demonstrating the Individual Defendants' motive, intent, or plan, as part of Plaintiff's prove-up of his conspiracy claim. For example, a letter to Officer Reyes that predates the Williams incident and refers to the investigation would theoretically be admissible under this ruling.  By contrast, evidence showing that the Internal Affairs investigation eventually led to Officer Reyes's arrest <u>would not</u> be admissible for this purpose.

into prior bad acts that speak to untruthfulness, in order to show a given witness's lack of credibility.

Moreover, Plaintiff may introduce arguments and evidence to prove a conspiracy among the Individual Defendants to cover up the true version of the facts. However, during this trial, the parties are not to use the phrase "Code of Silence."

D2 (ECF No. 143): **DENIED WITHOUT PREJUDICE**. The ruling on Motion in Limine D1 dictates the extent to which evidence of prior lawsuits may be admitted.

D3 (ECF No. 146): **GRANTED IN PART and DENIED IN PART**. Dr. Yu may testify at trial; Drs. Ghodadra, Barrera, Garner, Wolpert, Camero, and Comrie may not.

D4 (ECF No. 144): **GRANTED**. Plaintiff must make an offer of proof before making any mention of security cameras or surveillance cameras in the area of the incident.

D5 (ECF No. 145): **GRANTED IN PART and DENIED IN PART**. During the case-in-chief, after Plaintiff's credibility is called into question, Downing is permitted to offer an opinion about Plaintiff's character for truthfulness. Fed. R. Evid. 608(a). Later, during the *Monell* phase of trial, Downing may testify about his attempts to obtain records from the City related to the alleged violations of Plaintiff's constitutional rights. Other aspects of Downing's testimony are excluded. As to articles and media materials, the Motion is denied without prejudice to the admissibility or inadmissibility of particular articles or media materials presented at trial.

P1 (ECF No. 133): **DENIED**. Flosi and Dr. Van Der Reis are <u>not</u> excluded as experts.

P2 (ECF No. 135): **GRANTED**. Reference to gangs is excluded. Reference to Plaintiff's prior arrest record is excluded.

P3 (ECF No. 136): **GRANTED**.  Any reference to, or argument based on, the assertion that Plaintiff tampered with or altered his cell phone video of the incident is excluded.

P4 (ECF No. 141): As to non-*Monell* phase of trial, **DENIED**.  Plaintiff must make an offer of proof before referring to the City's investigation of Plaintiff's citizen's complaint.

P5 (ECF No. 137): As to non-*Monell* phase of trial, **DENIED WITHOUT PREJUDICE.** The ruling on Motion in Limine D1 dictates the extent to which these Exhibits, if any, may be admitted.

**F.     Ex Parte Application to Quash Trial Subpoenas**

Finally, as discussed at the hearing, Defendants' ex parte application to quash trial subpoenas is **DENIED**.  (ECF No. 186.)  No one disputes that the challenged witnesses have testimony relevant to the *Monell* phase of trial.  If Plaintiff is successful in his case-in-chief, the *Monell* phase of trial will immediately follow. Therefore, these subpoenas remain valid and operative, and the witnesses should be instructed to remain on 24 hours' telephonic notice so they can be prepared to appear if and when the *Monell* phase begins.


**IT IS SO ORDERED.**


January 5, 2022


_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**