O

# United States District Court
# Central District of California

| | |
|---|---|
| CHRISTOPHER WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF LONG BEACH, et al.,<br><br>　　　　　Defendants. | Case № 2:19-cv-05929-ODW (AFMx)<br><br>**ORDER DENYING OFFICER REYES'S MOTION TO STAY [209] AND DENYING PLAINTIFF'S SECOND MOTION FOR SANCTIONS [215]** |

## I.　INTRODUCTION & BACKGROUND

Plaintiff Christopher Williams filed this § 1983 action against Defendants Sergeant Ray Alexander, Sergeant Derek Ernest, Officer Bryant Yuriar, Officer Dedier Reyes, and City of Long Beach. The facts of the case are well known to this Court and are set forth in detail in the Court's December 27, 2021 Tentative Order Granting Discovery Sanctions, (ECF No. 180); those facts are incorporated herein by reference. (*Id.* at 2–4.)

Trial was most recently continued to March 22, 2022. On January 18, 2022, Officer Reyes filed an ex parte application to stay the case pending the resolution of criminal proceedings that are pending against him arising from a separate, unrelated series of events. (Ex Parte Appl., ECF No. 209.) The continuance of the trial provided the Court with more time to hear the parties' arguments, and accordingly, the

Court calendared the Application as a regularly noticed motion. (Mins., ECF No. 210.) The Application is now fully briefed. (Opp'n Appl., ECF No. 218; Reply Appl., ECF No. 222.)

On January 31, 2022, Williams filed his second Motion for Sanctions, seeking default judgment based on Defendants' discovery violations. (Mot., ECF No. 215.) This Motion is fully briefed. (Opp'n Mot., ECF No. 221; Reply Mot., ECF No. 224.)

After carefully considering these filings, the Court deemed both matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. The Court **TAKES** the matter **UNDER SUBMISSION** and **DENIES** both the Motion and the Application.

## II. LEGAL STANDARDS

*Discovery Sanctions.*

"Whether exercising its inherent power, or acting pursuant to [Federal Rule of Civil Procedure] 37, a district court has wide discretion in sanctioning a party for discovery abuses." *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002); *Jensen v. BMW of North Am., LLC*, 331 F.R.D. 384, 386 (S.D. Cal. 2019). Federal Rule of Civil Procedure ("Rule") 37(d)(1)(A)(ii) provides that "[t]he court where the action is pending may, on motion, order sanctions if . . . a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Sanctions may include "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims," a sanction which courts may award in the form of an adverse jury instruction. *See, e.g.*, *Jensen*, 331 F.R.D. at 390 (issuing limited adverse inference instruction based on defendant's failure to timely produce emails requested during discovery). Sanctions may also include an order that the offending party pay the reasonable expenses, including attorneys' fees, caused by the failure. Fed. R. Civ. P. 37(b)(2)(C).

2

Rule 37 further provides that "default judgment against the disobedient party" may, in extreme cases, be an appropriate discovery sanction. Fed. R. Civ. P. 37(b)(2)(A)(vi); *accord State Farm Fire & Cas. Ins. Co. v. Gen. Motors, LLC*, 542 F. Supp. 3d 1124, 2021 WL 2269972, at *5 (D. Idaho June 3, 2021) (ordering default judgment as discovery sanction for defendants' willful spoliation of evidence); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 916–17 (9th Cir. 1987) (observing that the court's ability to enter default judgment against a disobedient party is also part of court's inherent equitable powers).

*Stay of Proceedings.*

The power to stay proceedings "is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Peck v. County of Orange*, 528 F. Supp. 3d 1100, 1105 (C.D. Cal. 2021) (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)). The court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979); *Prescott v. Rady Children's Hosp.-San Diego*, 265 F. Supp. 3d 1090, 1098 (S.D. Cal. 2017). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

### III. DISCUSSION

For the following reasons, the Court denies both Williams's Motion and Officer Reyes's Application.

**A.  Motion for Discovery Sanctions**

*1.  Analysis*

The Court acknowledges that Williams has made a stronger showing of Defendants' discovery abuses in this second Motion for Sanctions than he made in his first. Williams credibly points to additional contradictions that have recently arisen,

including Defendants' shifting or contradictory reasons for not having produced the additional materials about Officer Reyes any earlier. (Mot. 1–4.) For example, Williams points out that the reason the City previously gave for failing to produce the Reyes Internal Affairs ("IA") Investigation file—the file for the City investigation that ultimately led to Officer Reyes's arrest—was because the investigation was pending. But, Williams argues, the City also failed to produce a citizen complaint when the associated investigation was completed, casting doubt on whether the "pending" status of the IA Investigation was the true reason for the City's failure to produce documents. (Mot. 1–2.)

That said, the fundamental reasons the Court previously articulated for refusing to impose default judgment remain unchanged. Default judgment is appropriate when a party has spoliated or altered evidence to the point where a fair trial is no longer possible; by contrast, the law does not appear to support default judgment for the lesser sin of untimely production of evidence. *See Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) ("Where a party so damages the integrity of the discovery process that there can never be assurance of proceeding on the true facts, a case dispositive sanction may be appropriate.").

Here, Williams asserts that Defendants' late production of evidence has deprived him of the right to a fair trial, but the Court does not see how this is true. Although Williams makes a strong showing of unjustified failures to fulfill discovery obligations, Williams has not made a specific showing of how he is prejudiced—that is, how he has lost a substantive or procedural right or the ability to make a part of his case—by the fact that Defendants produced the Reyes materials late. *Accord U.S. v. Budziak*, 612 F. App'x 882, 885 (9th Cir. 2015) (affirming denial of motion for discovery sanctions where movant failed to demonstrate how he was prejudiced by the nondisclosure). The Court has already imposed a strong discovery sanction and has allowed Williams to designate, after discovery cut-off, a new expert to provide testimony related to Defendants' discovery failures. Moreover, the recent trial

continuances have provided Williams with even more opportunity to gather documents from Defendants, organize them, conduct expert analysis, and prepare to introduce this information at trial.

Williams has the discovery sanction and the Court's green light to use certain information about the Reyes IA Investigation at trial. The law provides no support for giving Williams more, it appears that giving him more would be unfair. The Court therefore **DENIES** Williams's second Motion for Sanctions. (ECF No. 215.)

    *2.*    *Note regarding admissibility of evidence, witness list, and exhibit list*

Certain statements by counsel in the Motion to Stay compel the Court to make clarifications regarding what is and is not admissible at trial. Specifically, Williams's counsel argued the following:

> [W]ithheld records, the use of force complaint against Reyes where he was specifically told his tactics was out of policy, the perjury and false arrest of an individual where he was specifically accused of lying in reports, go to the very core of the Plaintiff's claims in this case where he has alleged that Reyes both used improper force on Plaintiff and lied about it! . . . Witnesses from *those incidents* can properly be called to testify in Plaintiff's case-in-chief to impeach credibility of Reyes under FRE 404(b), 405, 608 but at this juncture Plaintiff may not be able to track them down in time for trial.

(Mot. 4 (emphasis added).) By "those incidents," counsel is referring to (1) the perjury and false arrest incident for which Williams was investigated and recently arrested; and (2) a more recent citizen's complaint that led to Officer Reyes being formally reprimanded for use of excessive force. Counsel is mistaken, however, that witnesses from "those incidents"—that is, from *both* these incidents—can be properly called on at this trial. One of the effects of the Court's ruling on Defendants' Motion in Limine No. 1 and Plaintiff's Motion in Limine No. 5 was to prohibit Williams from introducing evidence and witnesses regarding prior uses of force in general. This includes a prohibition on introducing evidence and witnesses regarding Officer Reyes's use of force leading to a confirmed citizen complaint. Williams's counsel is

5

strongly encouraged to review the Court's rulings on the Motions in Limine and to be very clear about exactly what is and is not admissible at trial.[1] (Order Mots. In Limine, ECF No. 199.)

**B.     Application to Stay**

Officer Reyes now seeks to stay this case on the grounds that the Court's liminal rulings "permit[] counsel for Williams to question Officer Reyes about his arrest and possibly introduce documentary evidence related to it, thus clearly implicating Officer Reyes' Fifth Amendment rights." (Mot. 4.)

In deciding whether to grant a stay, a court considers "the extent to which the defendant's [F]ifth [A]mendment rights are implicated." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995). Courts consider the following factors: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation. *Id.* at 325; *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

Like Williams's Motion for Sanctions, Officer Reyes's Application to Stay also appears to be based on a misunderstanding of the Court's Order on the Motions in Limine in this matter. Officer Reyes is concerned that being forced to testify in this action about matters related to the criminal investigation and proceedings will waive his constitutional privilege against self-incrimination in the criminal matter—or, conversely, that he will have no choice but to abstain from answering questions in this civil case in order to avoid waiving his privilege against self-incrimination in the criminal matter, thus hampering his ability to mount a defense here. (Mot. 3.) But

---

[1] The ruling on these two Motions in Limine should have also prompted Williams to make very substantial cuts to the witness and exhibit lists. The Court expects to see the witness and exhibit lists shortened in accordance with its Motion in Limine rulings in advance of trial.

Williams is not permitted to engage in a free-range inquiry about the Reyes IA and criminal investigation, either with Officer Reyes or with anyone else. This was the point of footnote 3 in the Court's Order on the Motions in Limine. (Order on Mots. Limine 4 n.3.) Williams may ask questions and provide evidence regarding what Officer Reyes and his fellow officers knew about the Reyes IA Investigation at the time of the events giving rise to this lawsuit. Officer Reyes's answers, therefore, will not be about whether or not he did what he was accused of doing; instead, his answers will be about the extent of his knowledge of the fact that there was an investigation pending against him, separate and apart from whether the allegations that led to the investigation are true. Officer Reyes's answers will take the form of responses such as, "Yes, I had received that letter about my investigation prior to the Williams incident," or, "No, at the time of the Williams incident, I did not know when my next IA hearing date was going to be." Officer Reyes's answers will not take the form of any incriminating statements such as, "Yes, I planted evidence," or "Yes, I made a false statement in the police report," because Williams is not permitted to ask the questions that would generate those answers.[2] The former types of questions do not impinge upon Officer Reyes's privilege against self-incrimination. Accordingly, there is little logical or legal need for a stay.

This observation goes primarily to the second factor from *Keating*, and the other *Keating* factors also militate against a stay. Williams's ability to make his case wanes as time passes, and both he and the public have a strong interest in seeing this matter brought to resolution, given that the case involves law enforcement, a public service. Moreover, the Court faces a formidable backlog of cases to try and wishes to see this matter resolved as soon as practicable. Thus, the Court **DENIES** Officer Reyes's Motion.

---

[2] That Williams's counsel raised the concern that Officer Reyes would invoke his privilege against self-incrimination in this trial does not change the analysis because that concern was based on the same apparent misunderstanding of the Court's motion in limine rulings.

## IV. CONCLUSION

For the foregoing reasons, Williams's Motion for Discovery Sanctions and Officer Reyes's Application to Stay are both **DENIED**. (ECF Nos. 209, 215.)

**IT IS SO ORDERED.**

February 14, 2022

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**